UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN G. CROWLEY,        )<br>                                               )<br>        Petitioner,              )<br>                                               )         3:13-cv-00151-RCJ-VPC<br>    vs.                                      )<br>                                               )<br>U.S. BANKRUPTCY COURT FOR THE  )         **ORDER**<br>DISTRICT OF NEVADA et al.,       )<br>                                               )<br>        Respondents.            )| |

Petitioner Martin G. Crowley is the Debtor in Chapter 13 Bankruptcy Case No. 12-51908 pending in this district. In the bankruptcy case, creditor (and real party in interest in the present action) Senicia Burke filed a proposed order for a debtor's exam pursuant to Bankruptcy Rule 2004. Burke purports to have a state court judgment against Petitioner. Petitioner filed a motion for a protective order against the exam, arguing that Burke had no purpose in requesting an exam other than to harass Petitioner. The bankruptcy judge signed Burke's proposed order without a hearing on Petitioner's motion for a protective order. Burke then served Petitioner with a subpoena demanding the production of basically any document or other evidence Petitioner possessed relevant to his ownership interest in any kind of property whatsoever. The bankruptcy judge granted Petitioner's motion for a stay of the exam until his motion for protective order could be heard. At the hearing, Petitioner's counsel appeared but requested that Petitioner, himself an attorney, be permitted to present the arguments himself, which he did. The Court denied the motion for protective order. Petitioner complains that the bankruptcy judge refused to

1  listen to his arguments and that Burke is attempting to extract a settlement from him via the
2  threat of a Rule 2004 exam that is in his view unnecessary.
3     It is within the discretion of the bankruptcy court to grant an examination, so long as its
4  purpose is within Bankruptcy Rule 2004(b), one purpose of which is to determine the extent of a
5  debtor's property.  Burke's state court judgment is presumably unsecured.  Unsecured creditors
6  are often subject to "cram down," i.e., the involuntary judicial avoidance of all or part of the debt
7  otherwise lawfully owed.  Such parties-in-interest have a uniquely important interest in
8  examining the property of a debtor, because the discovery of a debtor's theretofore undiscovered
9  assets (whether purposely hidden or innocently overlooked) can determine whether the creditor
10 will receive any satisfaction of the debt owed to her.  Rule 2004 includes no textual "good cause"
11 requirement, but even assuming such a requirement applies under the case law, surely an
12 impending cram down is per se "good cause" for an unsecured creditor to require a Rule 2004
13 examination to determine the extent of a debtor's assets.  Petitioner's argument that Burke has no
14 good cause to force an examination because the examination will not help to establish the
15 validity of her claim is a red herring.  The purpose of the requested examination is to discover
16 assets that may indicate Petitioner can pay all or part of the claim.  Because the Bankruptcy
17 Court's ruling was not in error, the Petition is denied.

## CONCLUSION

19    IT IS HEREBY ORDERED that the Petition for Writ of Mandamus (ECF No. 1) and the
20 Motion for Hearing (ECF No. 4) are DENIED.
21    IT IS FURTHER ORDERED that the Clerk shall close the case.
22    IT IS SO ORDERED.
23 Dated this 29th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge